UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **RAYMOND SAINT-GERMAIN** and **SAVANNA SAINT-GERMAIN**, Individually and as Administrators of the ESTATE OF DEAVON SAINT-GERMAIN<br><br>Plaintiff,<br><br>v.<br><br>KNOX COUNTY, TENNESSEE, a government entity; TOM SPANGLER; JOHN and JANE DOES 1-15, Individually;<br><br>Defendants. | No.:_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT WITH JURY DEMAND

NOW COMES the Plaintiffs, Raymond Saint-Germain and Savanna Saint-Germain individually as the surviving parents and as administrators of the Estate of Deavon Saint-Germain ("Plaintiffs"), file this Complaint against the Defendants, Knox County, Tennessee, a governmental entity ("the County"); Sheriff Tom Spangler, Knox County Sheriff's Office ("KCSO"); John and Jane Doe Officers 1-15 ("Defendant Officers" or "Does 1-15") collectively, ("Defendants").

## INTRODUCTION

This action arises out of the unnecessary shooting death of 18-year-old Deavon Saint-Germain by unnamed Knox County Sheriff's Office SWAT Team agents and the longstanding unconstitutional practices of these agents under the supervision of Sheriff Tom Spangler, which facilitated the unconstitutional use of force that robbed Deavon Saint-Germain of his life.

## JURISDICTION

1

1. This civil action arises under the Fourth and Fourteenth Amendments of the United States Constitution and Tennessee common law torts. Plaintiffs bring this action to redress the deprivation of constitutional rights, as authorized by 42 U.S.C. §§ 1983 and 1988.
2. Pursuant to 28 U.S.C. §§ 1331 and 1343, The Court has original jurisdiction of the federal constitution claims.
3. This Court also has supplemental jurisdiction over any claims brought under Tennessee law, pursuant to 28 U.S.C. §1367, as such claims are so related to claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the Constitution.

## VENUE

4. The claims alleged herein arose from events or omissions occurring in the County of Knox, Tennessee. All incidents, events, and occurrences giving rise to the action occurred in Knox County. Some or all of the defendants reside in Knox County. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b), within the Northern Division of the Eastern District of Tennessee.

## PARTIES

### PLAINTIFFS

5. Plaintiff Raymond Saint-Germain is the father of now Deavon Saint-Germain, Deceased, and is a resident of the County of Knox, State of Tennessee. A copy of decedent's death certificate is attached hereto as Exhibit A. At all times material to this complaint, Raymond Saint-Germain is and was a private citizen of the State of Tennessee, United State of America. Plaintiff Raymond Saint-Germain is Deavon Saint-Germain's beneficiary and successor in interest to the Decedent's interest in any action or proceeding on the Decedent's behalf. Plaintiff Raymond Saint-Germain sues as an individual in his own right and as successor in interest, heir and legal representative of Decedent to seek redress for the deprivation of decedent's rights, including but not limited to all Decedent's rights under the Tennessee Constitution and state law. Plaintiff Raymond Saint-Germain is informed and believes that no other person has superior right to commence an action or proceeding on decedent's behalf.

6. Plaintiff Savanna Saint-Germain is the mother of now deceased Deavon Saint-Germain and is a resident of the County of Knox, State of Tennessee. A copy of decedent's death certificate is attached hereto as Exhibit A. At all times material to this complaint, Mrs. Saint-Germain is and was a private citizen of the State of Tennessee, United State of America. Plaintiff Savanna Saint-Germain is Deavon Saint-Germain's beneficiary and successor in interest to the Decedent's interest in any action or proceeding on the Decedent's behalf. Savanna Saint-Germain sues as an individual in her own right and, as successor in interest, heir and legal representative of decedent to seek redress for the deprivation of Decedent's rights, including but not limited to all Decedent's rights under the Tennessee Constitution and state law. Plaintiff Savanna Saint-Germain is informed and believes that no other person has superior right to commence an action or proceeding on decedent's behalf.

7. At all times material to this action, Deavon Saint-Germain (hereinafter "Deavon" or "Decedent") was a resident of Knox County, Tennessee and in the custody and care of his natural parents Raymond and Savanna Saint-Germain. While living in Knox County, Deavon was brutally killed by Defendants' use of excessive force and the policy of excessive force which resulted in the violations of constitutional rights under the Fourth Amendment and his fatal injuries proscribed under state law.

## DEFENDANTS

8. Defendant, Knox County ("County") is a governmental entity and political subdivision of the State of Tennessee, duly organized. The County may be served through its Chief Executive Officer, Knox County Mayor Glenn Jacobs, at the Mayor's Office, City County Building, Suite 615, 400 Main Street, Knoxville, TN 37902.

9. Plaintiffs are informed, believe and thereupon allege that Defendant TOM SPANGLER, was at all times material herein a policy maker and/or supervisor and acting under color of law within the course and scope of his employment and office as the Sheriff of the Knox County Sheriff Department (hereinafter "KCSO").

10. The County possesses the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control,

employment, assignment, and removal of individual members of the KCSO, and to assure that actions, policies, rules, regulations, practices and procedures of the KCSO and its employees comply with the law and constitutions of the United States and Tennessee.

11. The County is also responsible for training and certifying its law enforcement employees and implementing procedures and protocols to honor and respect the Due Process rights of citizens with whom its law enforcement employees interact.
12. The County and the KCSO acted through their agents, employees, and servants, including policymakers.

13. Plaintiffs are informed, believe and thereupon allege that Defendant Officers were at all times material herein acting under color of law within the course and scope of their employment and office as law enforcement officers of Knox County Sheriff Department (KCSO). Specifically, John and Jane Doe Officers were members of the KCSO SWAT team.
14. Plaintiffs are informed, believe and thereupon allege that Defendant Knox County Sheriff Department , herein after "KCSO"), is an agency of a duty constituted governmental entity in the state of Tennessee, to wit, Knox County, is or was the employer of one, or all, other individually named Defendants who are sued in their individual and official capacities, as well as one, or all, of the unidentified Defendant Officers.
15. The identities, capacities and/or nature of involvement of Defendant Does are presently unknown to Plaintiffs.  Plaintiffs therefore sue such persons using Does as fictitiously named defendants.  Plaintiffs are informed and believe, and based upon that belief allege, that there is likely to be evidentiary support to prove that each of the Defendant Does were involved in some manner and legally responsible for the misconduct alleged below. Plaintiffs are informed and believe one, or all, of Does are agents, servants or employees of Defendant Knox County and/or Defendant Sheriff Spangler. Plaintiffs will seek leave of court to amend the complaint to name the Defendant Does upon learning their true identities and roles in the actions complained of herein.
16. Plaintiffs are informed and believe and based upon that belief allege that all Defendants employed by Knox County were, at all times relevant and material to this complaint, acting within the course and scope of their employment duties for Knox County, and under color

of law. Plaintiffs are informed, believe and thereupon allege that each of the individual Defendant Officers' acts were known to, discovered by, approved and/or ratified by Defendants Knox County and Defendant Sheriff Tom Spangler, by and through their policy makers, decision makers, and/or supervisors.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

Plaintiffs are informed and believe and thereupon allege the following:

17. At the time of his death, Deavon Saint-Germain (hereinafter "Deavon") was an 18-year-old student in Knox County School system.
18. On January 3, 2025, at or around 7:20 a.m., officers employed by the Knox County Sheriff's Office raided the house located at 7812 Sevierville Pike, Knoxville, Tennessee 37920, in Knoxville, Tennessee.
19. The search warrant in this case is void of probable cause.
20. The threadbare basis of this warrant to search was a cursory review of a teenager's social media account.
21. While Deavon was still sleeping, Defendant Officers woke him up and forced him out of his bedroom to arrest him.
22. None of the John and Jane Doe Officers adequately announced themselves before fatally shooting Deavon Saint-Germain.
23. During the course of their arrest of Deavon Saint-Germain, Defendant Officers did not identify themselves or provide a copy of the search warrant before wrongfully seizing and detaining the 18-year-old.
24. While Deavon was detained in his home, and surrounded by unidentified, armed officers, Defendant Officers shot him nine times without reason, cause, or excuse.
25. As he bled out from his wounds, Deavon was denied critical medical treatment immediately following the shooting, demonstrating reckless indifference/ wanton disregard for the preservation of his life.
26. Following the wrongful death of their son, Plaintiffs Raymond and Savanna Saint-Germain were deprived of critical information about the investigation into the fatal officer-involved shooting of their son, in their home.

27. Upon information and belief, none of the Defendant Officers were wearing body worn camera footage to capture the arrest, brutalization, and killing of Deavon Saint-Germain.

## SCOPE AND NATURE OF ALLEGATIONS

28. Plaintiffs are informed, believe and thereupon allege that officials, supervisors, policy makers and other individuals with the authority to set or modify municipal and/or departmental policy, *dejure or de facto*, of Defendant Knox County and/or Does, participated in, approved of, ratified and/or failed to prevent the acts by Defendant and Does, complained of by Plaintiffs.

29. Plaintiffs are informed, believe and thereupon allege that at all times herein mentioned, each of the Defendants; including officials, supervisors, watch commanders and other policy makers from Defendants Knox County, and/or does, and their agencies; was the agent, employee or co-conspirator of one other, some, or all of their Co-defendants. Plaintiffs are informed, believe and thereupon allege that each of the Defendants, acting individually, and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiffs of their respective rights to life, security in person and effects, freedom from unreasonable searches and seizures, equal protection, free exercise of religion and due process of law. Each and all of the things done by each Defendant against Deavon and/or each Plaintiff, as mentioned in this entire Complaint, were done because of ethnicity and/or religion. And, in doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendant were acting pursuant to a *defacto* policy and within the scope of such agency, employment and conspiracy and with full permission, knowledge, approval, ratification and support of each other.

## DAMAGES

30. The aforementioned acts of all Defendants, and each of them, directly and proximately, caused Plaintiffs to suffer as follows: (A) Raymond Saint Germain – family deprivation, loss of society and comfort, pain and suffering, humiliation, damage to name and reputation in the community, burial expenses and other expenses associated with burial; (B) Savanna Saint Germain-Family deprivation, loss of society and comfort, pain and suffering, humiliation, damage to name and reputation in the community, burial expenses and other expenses associated with burial. (C) The Estate of Deavon Saint Germain – loss of life, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional and physical injury and pain and suffering, great and extreme mental anguish, and damage to name and reputation in the community.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Violation of the Fourth Amendment (Unlawful Seizure / Excessive Force)
### AGAINST ALL DEFENDANT OFFICERS OF THE KCSO

31. Plaintiffs incorporate paragraphs 1-18, as though fully set forth herein.
32. This cause of action arises under United States Code, Title 42, Section 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege or immunity secured to Deavon by the Fourth and Fourteenth Amendments to the United States Constitution.
33. Title 42 U.S.C. §1983 states, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."
34. The Fourth Amendment of the Constitution protects all citizens from unreasonable searches and seizures.
35. The United States Supreme Court has held that the constitutional protections against unreasonable searches and seizures prevent officers from using excessive force during an arrest. *See, e.g., Tennessee v. Garner*, 471 U.S. 1, 2 (1985).
36. Therefore, none of the John or Jane Doe Defendant Officers of the KCSO SWAT Team were authorized by law to use more force than was necessary to effectuate an arrest on January 3, 2025.
37. All of the unidentified officers of the KCSO SWAT Team used excessive force to kill Deavon Saint-Germain by firing no less than nine bullets into him when he posed no threat of bodily harm or injury.
38. The Defendant John and Jane Doe Officers, acting under color of law, used objectively unreasonable and excessive force against Deavon Saint-Germain in violation of the Fourth Amendment.
39. As a direct and proximate result, Deavon Saint-Germain suffered an untimely death and Plaintiffs suffered the unspeakable pain, anguish, feelings of powerlessness, emotional distress, fear, anxiety, agony, loss of a sense of personal safely, dignity, loss of companionship, and economic damages to include legal fees and costs.

### SECOND CLAIM FOR RELIEF
### Violation of 4th Amendment (Unlawful Seizure / Excessive Force)
### AGAINST ALL DEFENDANTS

40. Plaintiffs incorporate paragraphs 1-39, as though fully set forth herein.
41. This cause of action arises under United States Code, Title 42, Section 1983 (Excessive Force-Fourth Amendment), wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to Deavon by Fourth, and Fourteenth Amendments to the United States Constitution.
42. The seizure of, use of excessive force upon, and search of Deavon were without probable cause, or any recognized exceptions thereto, and were this unreasonable, and in violation of Deavon's Fourth Amendment right to be free of unreasonable search and seizure.

7
Case 3:25-cv-00627   Document 1   Filed 12/31/25   Page 7 of 14   PageID #: 7

43. The search warrant the Defendants have used to justify their unlawful violence and constitutional violations is void of probable cause. The search warrant was obtained through reckless and/or intentional misrepresentations.
44. Execution of this deficient warrant violated Deavon's Fourth Amendment right to be free from unreasonable searches and seizures.

**THIRD CLAIM FOR RELIEF**
Violation of 14th Amendment
(Substantive Due Process)
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

45. Plaintiffs incorporate paragraph 1-44, as through fully set forth herein.
46. This cause of action arises under United States Code, Title 42, Section 1983, where Plaintiffs seek to redress a deprivation under color of law of a right, privilege or immunity secured to Plaintiffs by the Fourteenth Amendment to the United States Constitution.
47. Defendants' conduct shocks the conscience and deprived Deavon Saint Germain of life and liberty without due process of law.
48. The conduct of each defendant violated the rights of plaintiffs to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and entitles plaintiffs to recover damages including punitive damages, as alleged above, pursuant to 42 U.S.C. § 1983.

**FOURTH CLAIM FOR RELIEF**
Violation of Civil Rights 42 U.S.C. § 1983
Unconstitutional Policy Custom or Procedure -*Monell*)
**AGAINST DEFENDANTS KNOX COUNTY AND SHERIFF SPANGLER**

49. Plaintiffs incorporate paragraphs 1-48, as though fully set forth herein.
50. This cause of action arises under United States Code, Title 42, Section 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege or immunity secured to Plaintiffs by the Fourteenth Amendment to the United States Constitution.
51. The Due Process Clause of the Fourteenth Amendment prohibits Knox County from maintaining any custom, policy, or procedure which would constitute the proximate cause of its officers' deprivation of any citizen's constitutional rights.

52. A municipality is liable under 42 U.S.C. § 1983 when its agency's policy or custom is closely related to the ultimate constitutional injury suffered by the plaintiff and/or causes the constitutional violations. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).
53. Sovereign immunity does not apply where such custom, policy, or procedure constitutes the proximate cause of the deprivation of any citizen's constitutional rights.
54. Defendant Knox County maintains the KCSO, an armed police force with the power to arrest citizens.
55. The KCSO SWAT Team is a division of the KCSO.
56. Defendant Spangler oversees the KCSO as the top policymaker and supervisor.
57. As the duly elected sheriff, Defendant Spangler is responsible for implementing, promulgating, and enforcing policies, customs, and practices of the KCSO. His decisions and acts can be fairly attributed to the KCSO.
58. Sheriff Spangler is also responsible for determining the training the officers employed by KCSO receive and which officers.
59. Defendants Knox County and Sheriff Spangler violated Plaintiffs' constitutional rights, as alleged herein above, by creating and maintaining, among other things, the following unconstitutional customs and practices, *inter alia:*
    a. Failing to property train and supervise officers on constitutional warrant procedures and use of force;
    b. Encouraging tactical raids on low-level, non-violent suspects; and
    c. Ratifying or concealing unconstitutional shootings through deficient investigations.
60. Such customs were the moving force behind the constitutional violations herein.
61. At all times material hereto, Sheriff Spangler was aware of the history KCSO officers' unlawful use of excessive force, that would warrant additional use of force training including but not limited to wit:
    a. In April 2014, Knox County Sheriff's Office agents used excessive force when they repeatedly struck and choked Jared Dotson to the point of losing consciousness while the college student was restrained and not resisting. *Dotson v. Knox County, TN et. al.*, 3:15-cv-00066.

b. In October 2014, Knox County Sheriff's Office agents broke Donald Nichols' right thumb and brutally kicked him in the face and head without provocation. Nichols v. Knox County, TN et. al., 3:15-cv-485

c. In November 2014, Knox County Sheriff's Office employed tackled, punched, kneed, and hogtied a mentally ill man in their custody. *Flack v. Knox County, TN et. al.*, 3:15-cv-00522.

d. In January 2017, Knox County Sheriff's Office agents shocked Paul Branch with Taser barbs 10 times when he was not resisting arrest posed no danger to anyone." *Branch v, Knox County, TN et. al.*, 3:17-cv-00380.

e. In February 2021, Knox County Sheriff's Office agents shot Solyman Murray in the right arm after he dropped his firearm, made his hands clearly visible and demonstrated that he posed no threat to the armed officers surrounding him. *Murray v. Knox County, TN et. al.*, 3:22-cv-00102.

f. In addition to the above cited incidents, several complaints have been filed against Knox County Sheriff's Office agents for excessive and unlawful use of force incidents.

62. Failing to admonish, discipline, or retrain perpetuated a culture within the Knox County Sheriff's Office that condoned the use of excessive force.

63. As a result of Defendants Knox County and Sheriff Spangler's refusal to remediate the longstanding practice of using excessive force during arrests, encouragement of tactical raids on low-level, nonviolent suspects, and ratification and/or concealment of unconstitutional shootings from the public through deficient investigations, Defendant Officers believed and had reason to believe their misconduct would be sanctioned.

64. As a direct result, Deavon Saint-Germain suffered an agonizing and untimely death, and the Plaintiffs suffered serious psychological injuries, pain and suffering, and medical expenses.

65. Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. §1988.

### FIFTH CLAIM FOR RELIEF
**Violation of Civil Rights 42 U.S.C. §§ 1983, 1985, 1986**
**Conspiracy to Violate Civil Rights**

## AGAINST ALL DEFENDANTS

66. Plaintiffs incorporate paragraphs 1-65, as though fully set forth herein.
67. This cause of action arises under United States Code, Title 42, Section 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege or immunity secured to Plaintiffs by the Fourteenth Amendment to the United States Constitution.
68. Defendants, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Plaintiffs' civil rights, under the U.S. Constitution as stated herein this Complaint.
69. Defendants knowingly conspired to deprive Plaintiffs and the Decedent of their constitutional rights by agreeing to conduct an unlawful raid and by fabricating post-incident reports to justify deadly force.

## SIXTH CLAIM FOR RELIEF
### WRONGFUL DEATH
(Tenn. Code Ann. § 20-5-106 et seq.)
### AGAINST ALL DEFENDANTS

70. Plaintiffs incorporate paragraphs 1-69, as though fully set forth herein.
71. Plaintiffs are entitled to recover compensatory damages for the wrongful death of Decedent as alleged herein.
72. At the time of his death, Deavon was survived by his parents, Raymond and Savanna Saint-Germain, who are the sole beneficiaries of his estate.
73. At the time of his death, Deavon was 18 years old, completing his high school education, and by all measure reasonably expected to live a productive and meaningful life. Deavon had dreams of being a business owner, in good health, and willing to continue to provide care, security, companionship, income, and support to his beneficiaries.
74. The Defendant Officers' unlawful use of force, and the Defendants' perpetuation of the culture of excessive force throughout the KCSO that emboldened Defendant Officers' use of excessive force caused Deavon to be fatally shot steps away from his bedroom.
75. Defendants negligently, recklessly, and intentionally caused the death of Deavon Saint-Germain.
76. Plaintiffs, as Administrators of the Estate, are entitled to recover damages as set forth in the damages section of this Complaint.

## DAMAGES

49. At the time of his death, Decedent was survived by his parents, the sole beneficiaries of his estate, Raymond and Savanna Saint-Germain.
50. At the time of his death, Decedent was a 19-year-old and reasonably expected to live a full and fruitful life, which included providing care, protection, support, assistance, emotional and financial contribution, and security.
51. As a result of the Decedent's wrongful death, the beneficiaries of his estate have been eternally deprived of his income, services, protection, care, companionship, comfort, and insight.
52. As a result of this inexplicable loss, Plaintiffs seek recovery for:
    a. Expenses for the care, treatment, EMS transportation, and hospitalization incident to the injuries;
    b. Compensation for the conscious pain and suffering of the Decedent;
    c. Funeral and burial expenses;
    d. Present monetary value of Decedent's reasonably expected net income;
    e. Loss of life, companionship, and society;
    f. Emotional distress of the family;
    g. Lost earnings and future support; and
    h. Punitive damages against the individual defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against all Defendants, jointly and severally, for not less than $75,000.00, for each of the above causes of action, including but not limited to:

1. For compensatory damages, including general and special damages, according to proof;
2. For punitive damages pursuant to 42 U.S.C. § 1983 and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each non-governmental entity Defendant;
3. For statutory damages, according to proof;
4. For prejudgment interest according to proof;
5. For reasonable attorney fees pursuant to 29 U.S.C. §§ 794, 794a, 42 U.S.C. §§ 1983, 1986, 1988, 12205, and any other applicable provision;

6. For costs of this action and other costs that may be associated with this action; and
7. For such further relief which is just and proper.

## JURY DEMAND

Plaintiffs hereby demand trial by jury in this action on all issues of fact that may arise from the operative pleadings.

Respectfully Submitted,

Date: December 30, 2025

*/s/Troy B. Jones*
Troy B. Jones, Esquire
TN Bar Number: 033064
JONES LAW FIRM
P.O. Box 2308
Knoxville, Tennessee 37902
Phone: (865) 456-5901
Fax: (865) 262-8855
troy@troybjones.com

Ben Crump Law PLLC
Benjamin Crump, Esquire
FL Bar Number: 72583
court@bemncrump.com
*pro hac vice forthcoming*

Sue-Ann Robinson
Fl Bar Number: 29463
surann@bencrump.com
*pro hac vice forthcoming*

Gabrielle Higgins
FL Bar Number: 1025840
gabrielle@bencrump.com
*pro hac vice forthcoming*

BEN CRUMP LAW PLLC
614 S. Federal Highway
Fort Lauderdale, Florida 33301
Phone: (754) 801-0897

Counsel for Plaintiffs